**E-FILED**

Tuesday, 22 August, 2006  08:11:22 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

LEVENCE SIMPSON,                  )
                                  )
          Petitioner,             )
                                  )
     v.                           )         No. 04-1370
                                  )
UNITED STATES,                    )
                                  )
          Respondent.             )

## O R D E R

Before the Court is Petitioner Levence Simpson's (Simpson")
Motion for Certificate of Appealability ("COA") [Doc. #58] and
Memorandum in Support [Doc. #66]; Motion for Leave to Proceed in
Forma Pauperis ("IFP") on Appeal [Doc. #61]; and Motion for
Reconsideration of Grounds 13 & 17 pursuant to Rule 15(c) of the
Federal Rules of Civil Procedure [Doc. #65].  For the reasons
that follow, all motions are DENIED.

## I.
## Background

On October 22, 2004, Simpson filed a Motion to Vacate, Set
Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, raising
twenty grounds for relief.  All but two of his grounds for
relief were denied by Order of this Court on July 13, 2005.  See
[Doc. #29].  On October 13, 2005, this court conducted an
evidentiary hearing regarding the two remaining issues: (1)
whether counsel rendered ineffective assistance by failing to
reasonably investigate if the 1993 Peoria County felony drug
conviction actually belonged to Simpson, and by failing to

apprise him of both the consequences that a prior felony drug conviction would have on his sentence and of the fact that the Government intended to enhance his mandatory minimum sentence pursuant to § 851; and (2) whether counsel rendered ineffective assistance by advising Simpson to reject a plea agreement allegedly proposed by the Government.

Ultimately, the Court entered judgment against Simpson on his two remaining grounds for relief on May 10, 2006.  See [Docs. #56 and #57].  In reaching its decision, the Court concluded that even assuming arguendo, that counsel's performance on behalf of Simpson was constitutionally deficient, Simpson still could not show that he suffered prejudice as a result thereof.  See Strickland v. Washington, 466 U.S. 668, 694 (1984) (stating that it is insufficient to simply prove that counsel's representation was constitutionally deficient; instead, a petitioner must also prove that he suffered prejudice as a result thereof).  In other words, he was unable to meet his burden of establishing that, but for counsel's unprofessional errors, there was a reasonable probability that he would have received a shorter sentence.  See id.

## II.
## ANALYSIS

A.    Motion for Certificate of Appealability

A federal prisoner seeking relief under § 2255 has no absolute entitlement to appeal a district court's denial of his motion.  See 28 U.S.C. § 2253(c). Before an appeal may be

entertained by a federal court of appeals, a prisoner who was denied relief in the district court must first seek and obtain a COA from a circuit justice or judge.  Id.

"A COA will issue only if the requirements of § 2253 have been satisfied."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Section 2253(c) permits the issuance of a COA only where a petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2); Miller-El, 537 U.S. at 336.

Although "a COA does not require a showing that the appeal will succeed[,]" it does require "something more than the absence of frivolity or the existence of mere good faith" on behalf of the petitioner.  Miller-El, 537 U.S. at 337-38 (internal quotations omitted). As the Supreme Court explained, to obtain a COA under § 2253(c), a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n4 (1983)).

Here, the Court is convinced that reasonable jurists would not find its denial of Simpson's § 2255 Motion debatable.  First of all, as carefully explained by this Court in its Order dated July 13, 2005, all but two of Simpson's grounds for relief were

completely devoid of merit.  The remaining two grounds were the subject matter of an evidentiary hearing.  However, during the hearing it became readily apparent that Simpson was unable to meet the second prong of the Strickland test -- that is, he could not show that he suffered any prejudice as a result of counsel's alleged ineffectiveness.  Therefore, the Court finds that there are no grounds for issuing a COA to Simpson.

**B.**    Motion for Leave to Proceed IFP on Appeal

Under 28 U.S.C. § 1915(a)(3), the Court is required to screen Simpson's appeal to determine whether it is taken in good faith.  See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). To meet the "good faith" requirement, a court must "find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000) (citations omitted).

Here, the Court does not believe Simpson's appeal is taken in "good faith," because under the facts of the instant case, a reasonable person could not suppose that his appeal had some merit.  As such, Simpson's Motion to Proceed IFP on Appeal must be denied.

**C.**    Motion for Reconsideration of Grounds 13 & 17 pursuant to
        Rule 15(c) of the Federal Rules of Civil Procedure

Rule 15(c) of the Federal Rules of Civil Procedure allows an amendment of a pleading to relate back to the date of the original pleading if certain conditions are met. However, Simpson has not been granted leave to file an amendment, and,

4

more importantly, his § 2255 Motion has long been denied.  Thus, there is no relief for Simpson to seek under Rule 15(c) of the Federal Rules of Civil Procedure.

Furthermore, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  Caisse Nationale de Credit v. CBI Indus., 90 F.3d 1264, 1269 (7th Cir. 1996).  It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  See id. at 1270.  A motion under Rule 59(e) of the Federal Rules of Civil Procedure should be granted if there exists "a manifest error of law or fact," so as to enable "the court to correct its own errors and thus avoid unnecessary appellate procedures."  Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996).

However, to the extent that Simpson is attempting to seek relief under Rule 59(e), his motion is untimely.  A motion under Rule 59(e) "[must] be filed no later than 10 days after entry of the judgment."  F.R.C.P. 59(e).  Here, Simpson filed the instant motion on July 31, 2006, and the Court entered judgment denying his § 2255 Motion on May 10, 2006 –- more than two months ago.  As such, Simpson's Motion for Reconsideration of Grounds 13 & 17 must be denied.

IT  IS  THEREFORE  ORDERED  that  Simpson's  Motion  for Certificate of Appealability [Doc. #58] is DENIED.

IT IS FURTHER ORDERED that Simpson's Motion for Leave to Proceed in Forma Pauperis on Appeal [Doc. #61] is ALSO DENIED.

FINALLY, IT IS ORDERED that Simpson's Motion for Reconsideration of Grounds 13 & 17 pursuant to Rule 15(c) of the Federal Rules of Civil Procedure [Doc. #65] is DENIED.


ENTERED this __22nd__ day of August, 2006.


                                   __/s/ Joe B. McDade__ _
                                   Joe Billy McDade
                                   United States District Judge